BRIGID M. HIGGINS, ESQ.
Nevada Bar No. 5990
**BLACK & LOBELLO**
10777 W. Twain Avenue, Third Floor
Las Vegas, Nevada 89135
(702) 869-8801
(702) 869-2669 (fax)
bhiggins@blacklobello.law

SAUL S. ROSTAMIAN, ESQ.
California Bar No. 235292
JUSTIN E. RAWLINS, ESQ.
California Bar No. 209915
**WINSTON & STRAWN LLP**
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
(213) 615-1700
SRostamian@winston.com
JRawlins@winston.com
*Attorney for Appellant Dawgs Holdings, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DAWGS HOLDINGS, LLC,<br>    Appellant<br><br>v.<br><br>MOJAVE DESERT HOLDINGS, LLC;<br>GEMCAP LENDING 1, LLC,<br>    Respondents. | CASE NO: 2:20-CV-00261-JAD<br><br>Appeal From:<br><br>United States Bankruptcy Court for the District of Nevada<br><br>Case No.: BK-S-180453-GS<br><br>**Order Granting<br>Motion to Voluntarily<br>Dismiss Appeal<br>[ECF No. 3]** |

Pursuant to Federal Rule of Bankruptcy Procedure 8023, appellant Dawgs Holdings, LLC ("Appellant") hereby moves the Court for an order dismissing the above captioned appeal.

# I.
# FACTUAL BACKGROUND

On February 4, 2020, Appellant filed its Notice of Appeal and Statement of Election in the Bankruptcy Case of U.S.A. Dawgs, LLC, Case No. 18-10453, pending in the United States Bankruptcy Court for the District of Nevada ("<u>Bankruptcy Court</u>") appealing the Order Denying Dawgs Holdings, LLC Motion to Enforce Sale Order.

Appellant elected to have the appeal heard by this Court. The other parties designated as parties to the appeal were Mojave Desert Holdings, LLC and GemCap Lending I, LLC.

On February 6, 2020, the Bankruptcy Court issues a Notice of Referral on Appeal To United States District Court.

On February 6, 2020, the Transmittal Form was entered by the Bankruptcy Court.

The Appellant **has not** filed a Designation of Record or Statement of Issues on Appeal.

Appellant has elected not to pursue the appeal. Given this early stage in the appeal, other parties to the appeal have not expended costs to appear or otherwise.

# II.
# LEGAL ANALYSIS

Pursuant to Bankruptcy Rule 8023 provides:

> The clerk of the district court or BAP must dismiss an appeal if the parties file a signed dismissal agreement specifying how costs are to be paid and pay any fees that are due. An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the district court or BAP.

Given the infancy of the appeal and Appellant's decision not to pursue the appeal, Appellant respectfully requests that the appeal be dismissed.

# III.
# CONCLUSION

Based on the foregoing, Appellant hereby requests that the Court dismiss the appeal.

Dated this 18 of February, 2020.

BLACK & LOBELLO

By: _____
Brigid M. Higgins, Esq.
Nevada Bar No. 5990
10777 W. Twain Avenue, 3rd Fl.
Las Vegas, NV 89135

WINSTON & STRAWN LLP

Saul S. Rostamian
33 S. Grand Avenue
Los Angeles, CA 900071-1543

*Attorneys for Appellant Dawgs Holding, LLC*

**Order Granting Motion to Voluntarily Dismiss Appeal**

Good cause appearing, IT IS HEREBY ORDERED that Appellant's Motion for Voluntary Dismissal of this Bankruptcy Appeal **[ECF No. 3] is GRANTED. This action is DISMISSED.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: February 17, 2020